UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

MBF INSPECTION SERVICES INC.,

    Debtor,

Case No. 18-11579

Chapter 11

## OBJECTION TO MOTION TO EMPLOY LEVENE, NEALE, BENDER, YOO, AND BRILL LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**COMES NOW** Debtor, MBF Inspection Services, Inc., by and through counsel Jennie D. Behles of B.L.F. LLC, and as and for its Objection to Motion to Employ Levenne, Neale, Bender, Yoo, and Brill LLP (LNBYB) as General Bankruptcy Counsel for the Official Committee of Unsecured Creditors on grounds as follows:

1. This case involves the potential for substantial conflict of interest between the members of the committee who were all parties in the *Ganci* Federal Court action and other claimants, potential members who are not involved in the *Ganci* litigation and interest on pursuing that litigation outside of this Court, and outside of the stay seeking other claimants to Debtor's assets. They are the only members of the Unsecured Creditors Committee and their positions on the committee which have a fiduciary duty to other claimants and their position as individual climates.

2. This is obvious from the position they have taken in filing a stay lift motion. From the very beginning of this case, the 341 hearing in fact, counsel for the *Ganci* claimant's brought Levene and Neale in to the 341 proceeding with the idea that they would serve as counsel for the UCC made up of *Ganci* claimants and represented by Levene and Neale. They were handpicked

1

by Ganci.  No other counsel were ever interviewed by the UCC.  No other claimants were ever considered for a position on the UCC. Levene was the handpicked UCC lawyer by *Ganci's* counsel who brought them to the 341 hearing.

3.	Is there an undisclosed 2014 connection here?  In face there really is no disclosure.  Levene has had issues with conflict of interest in Chapter 11 cases in the past.  It is reported in the legal press Law 360 that they have paid a substantial amount of money to settle a Chapter 11 conflict of interest case involving a UCC in the *Sonic Blue* case; furthermore, there is been a similar situation in (absolute that they BSE LAT v. live-in meal) in the United States District Court for the Central District of California which involved another Chapter 11 proceeding. Levene has a cut and has a history of cutting it a little close in Chapter 11 proceedings in the representation of unsecured creditors' committees

4.	Many law firms here, the Davis firm, Askew and Mazel, and others have represented unsecured creditors committee's and done it well.  They have done it under a rate card that is in compliance with fees that are common in this jurisdiction.  The fees charged by the Lavene and Neale are more than double the rate in this jurisdiction. There has been no suggestion that there was any particular reason to hire counsel that charges this rate; they certainly are not the only lawyers in the world who can represent an Unsecured Creditors Committee.  A little less than a week prior to taking this assignment, they took yet another UCC assignment in the case back east.  It's questionable if their calendar is sufficiently clear.

5.	There are already issues about the makeup of this committee. In fact, this case may involve class proof of claims in this jurisdiction which have dealt with that before in the *Quick Cash* case.  There was a committee which had representation. One might ask what was wrong with that committee counsel who clearly has experience in that type of case.  The irony of

2

this case is is has had its problems with out-of-state attorneys who do not have local counsel. In one case, James Askew is the attorney for the consumer claimants; Dave Giddens represented the Unsecured Creditors Committee. Just because this Debtor has some money does not mean that we should try to expend it all on the attorney's fees.

6. We are also expending a substantial amount on Debtor's case because the U.S. Trustee has increased the U.S. Trustee's fees because their foot balances have sunk very low during times of recession and the Trustee's office continues to extend the period of increased fees trying to bring it into balance. Now this Debtor is going to get to pay even more because it's going to get to pay California rates and the Unsecured Creditors Committee is represented by someone who doesn't even interview local counsel, who hasn't demonstrated experience with the very subject that is most discussed in this case, and how it has been handled here with the class proof of claim.

6. Apparently the rules are not made to apply to the Unsecured Creditors Committee, or their lawyers. They don't have to interview attorney people; they don't have to look for reasonable rates; they don't have to exercise fiduciary duty or anything. They just simply get to charge the Debtor with whatever strikes them, and to top it off, they do so with the firm who has had conflict problems in the past in a case where conflict issues have come to the forefront for these people who are trying to beat a path of the door to the United States District Court for the District of Ohio, and leave their fellow claimants in the dust. Quite frankly, it would be difficult to discuss anything with these members of the committee. They are all listed in care of their attorneys, so even if some counsel wanted to get hold of them and be interviewed, they would have a devil of a time doing it because these were the ones that picked this firm out and brought them out here to begin with.

3

WHEREFORE the Debtor moves this Court for an Order Denying the Motion to Employ (LNBYB) as General Bankruptcy Counsel for the Official Committee of Unsecured Creditors and for such other and further Relief as the Court be deemed just in the premises until the Committee has been properly constituted, has properly interviewed for counsel, and has dealt with its fiduciary duty in this case.

Respectfully submitted by:

B.L.F., LLC
*Jennie D. Behles*
Jennie D. Behles
Attorney for Debtor
B.L.F., LLC
P.O. Box 7070
Albuquerque, NM 87194-7070
Phone: (505) 242-7004
Fax: (505) 242-7066

## CERTIFICATE OF SERVICE

I certify that I sent a true and correct copy of the foregoing to the parties listed herein on October 29th, 2018, via the Courts electronic noticing system, CM/ECF.

Leonard Martinez-Metzgar
United States Trustee
P.O. Box 608
Albuquerque, NM 87103
Email: leonard.martinez-metzgarusdoj.gov

Daniel Harris Reiss
Levene Neale et al LLP
10250 Constellation Blvd #1700
Los Angeles, CA 90067
Phone Number: (310) 229-1234
Fax Number: (310) 229-1244
Email: dhr@lnbyb.com

Lane Alton
Joseph A. Gerling
Eric S. Bravo
Two Miranova Place, Suite 220
Columbus, Ohio 43215
Telephone: (614) 228-6885 / Facsimile: (614) 228-0146
Email: jgerling@lanealton.com
Email: ebravo@lanealton.com

Matthew C. Helland
NICHOLS KASTER, PLLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: 415-277-7235
Facsimile: 415-277-7238

James A, Roggow
Roggow Law LLC
205 W Boutz Rd Bldg 2 Ste C
Las Cruces, NM 88005-3259
Email:  jaroggow@qwestoffice.net

Louis Puccini Jr.
Robert D. Gorman P.A.
P.O. Box 25164
Albuquerque, NM 87125-0164
Email:  louis@rdgormanlaw.com

By:     *s/ filed electronically*
        Jennie Deden Behles

5