UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MBF INSPECTION SERVICES, INC.                    Case No. 18-11579-11

Debtor(s).

**LIMITED OPPOSITION BY THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DEBTOR'S MOTION TO EXTEND THE EXCLUSIVE PERIOD IN
WHICH THE DEBTOR HAS TO FILE A CHAPTER 11 PLAN**

**TO THE HONORABLE DAVID T. THUMA, UNITED STATES BANKRUPTCY
JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN
INTEREST:**

The Official Committee of Unsecured Creditors (the "Committee") hereby files its

limited opposition to the Debtor's Motion to Extend the Exclusive Period in Which the Debtor

has to File a Chapter 11 Plan (the "Exclusivity Motion") as follows:

**A.  Legal Standard for "Cause" to Extend Plan Exclusivity under 11 U.S.C. §
    1121(d)(1).**

In this Court's memorandum opinion in *In re Akbari–Shahmirzadi,* 2014 WL 5798932

(Bankr. D.N.M. 2014), the Court discussed its discretion with respect to extending plan

exclusivity under 11 U.S.C. § 1121(d), as well a non-exclusive list of factors (referred to herein

as the "*Dow Corning* factors") which the Court may consider in exercising its discretion:

> "Case law makes clear that the bankruptcy court has discretion to grant or deny
>
> motions to extend exclusivity. *See, e.g., In re Adelphia Commc'ns Corp.,* 352 B.R.

578, 586 (Bankr.S.D.N.Y.2006); *In re New Meatco Provisions, LLC,* 2014 WL 917335, at *3 (Bankr. C.D. Cal.2014). The decision is fact-specific. *Adelphia Commc'ns,* 352 B.R. at 586. The court may consider multiple factors, including (a) the size and complexity of the case; (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists. *In re Dow Corning Corp.,* 208 B.R. 661, 664–65 (Bankr.E.D.Mich.1997); *Adelphia Commc'ns,* 352 B.R. at 587."

*Akbari–Shahmirzadi,* 2014 WL 5798932 *4.

### B. The Exclusivity Motion does not Adequately Analyze the *Dow Corning* Factors.

The Debtor's Exclusivity Motion fails to address many of the *Dow Corning* factors. Further, although the cursory allegations made in the Exclusivity Motion touch on a few of these nine factors, the Debtor presents no evidence by way of declaration or documentation to support its statements, much less establish "cause" to extend its plan exclusivity. The Committee presumes that additional facts and evidence will be submitted to the Court upon reply to this Opposition to establish cause under § 1121(d); however, if no such facts and evidence are presented, then the Exclusivity Motion should be denied.

**C. The Debtor's Resistance to Creditor Involvement is Contrary to the Goal of Moving this Case Forward to a Successful Reorganization.**

The Committee understands that initial requests for exclusivity are commonly granted; however, most troubling to the Committee is that the Debtor has exerted substantial effort to try to shut out the voice of unsecured creditors in this case. The Debtor has objected to requests by counsel for certain individual unsecured creditors, as well as proposed counsel for the Committee, which was duly formed by the United States Trustee (the "UST") on September 5, 2018, to appear *pro hac vice* in this case.[1] The ability for various counsel to appear *pro hac vice* is generally non-controversial in chapter 11 cases. Further, the Debtor has challenged the UST's discretion with respect to the composition of the Committee, which challenge essentially seeks to disband the Committee.[2] Most recently, the Debtor has objected to employment application of counsel to the Committee.[3]

The Committee respectfully submits that these actions are wasteful, costly to the Debtor and this bankruptcy estate, and do not move this case forward with respect to a successful chapter 11 reorganization. Instead, the Committee is concerned that continued tactics such as these (all of which the Committee believes lack substantive merit) will delay a constructive engagement with the Committee and unsecured creditors negotiating the terms of a plan. The Debtor's conduct undermines unsecured creditor participation in this case and is a factor that argues against the Debtor's retention of the exclusive right to file a plan.

---

[1] Motion to set aside and reconsider order on motion to appear pro hac vice with respect to Matthew Helland and Alexander Baggio [Dkt. No. 63]; an amended motion to set aside and reconsider order on motion to appear pro hac vice with respect to Matthew Helland and Alexander Baggio [Dkt. No. 69]; responses to oppositions filed by Messrs. Helland and Baggio [Dkt. Nos. 73 and 74]; Motion Motion to set aside and reconsider order on motion to appear pro hac vice with respect to Daniel Reiss [Dkt. No. 79].

[2] Motion to Remove Certain Members from the [sic] UCC Unsecured Creditors Committee and Reconstitute that Committee in Accord with Law, filed September 17, 2018 [Dkt. No. 71].

[3] Objection to Motion to Employ Levene, Neale, Bender, Yoo and Brill L.L.P. as General Bankruptcy Counsel for the Official Committee of Unsecured Creditors [Dkt. No. 109].

The Debtor has fiduciary duties to unsecured creditors,[4] and their interests and rights should be heard, considered and protected in this case.   As stated by the Fifth Circuit in *In re Timbers of Inwood Forest Associates, Ltd.*:

> A principal goal of the reorganization provisions of the Bankruptcy Code is to
> benefit the creditors of the Chapter 11 debtor by preserving going-concern values
> and thereby enhancing the amounts recovered by all creditors. . . .   However,
> when there is no reasonable likelihood that the statutory objective of
> reorganization can be realized or when the debtor unreasonably delays, then the
> automatic stay and other statutory provisions designed to accomplish the
> reorganization objective become destructive of the legitimate rights and interests
> of creditors, the intended beneficiaries. In that situation it is incumbent upon the
> bankruptcy judge to effectuate the provisions of the Bankruptcy Code for the
> protection of creditors lest the judge keep the Code's word of promise to the ear of
> creditors and break it to their hope."

*In re Timbers of Inwood Forest Associates, Ltd.***,** 808 F.2d 363, 371 - 372 (5th Cir. 1987) (en banc), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

The Debtor must engage with the representatives of unsecured creditors in order to carry out its duties to creditors, but clearly has not done so.  Even though counsel for the Debtor states that she has prepared a draft plan of reorganization, the Debtor has not reached out to the Committee to discuss the terms of a plan of reorganization.  This lack of engagement with the Committee, and the Debtor's apparent intent to file a plan without consultation with the

---

[4] *In re* Doors *and More,* 126 B.R. 43, 45 (Bankr. E.D. Mich. 1991) ("In a Chapter 11 case, it is fundamental that a debtor in possession or a trustee is obligated to act not in his or her own best interest, but rather in the best interest of the entire estate, including the creditors and owners of the debtor estate."); *In re Grabill Corp.,* 113 B.R. 966, 970 (Bankr.N.D.Ill.1990), *aff'd,* 983 F.2d 773 (7th Cir.1993) ("A Chapter 11 debtor-in-possession administers the assets of the estate and any business conducted therein, as a fiduciary for both the equity interests and creditors"); *In re B & W Tractor Co.,* 38 B.R. 613, 614 (Bankr.E.D.N.C.1984) (debtor-in-possession is acting for benefit of itself, its owners, and its creditors); *In re Curry and Sorensen, Inc.,* 57 B.R. 824 (9th Cir. BAP 1986).

4

Committee, indicates a reorganization strategy that ignores creditor interests. This disregard for creditor involvement in the plan process further indicates that the Debtor's request for an extension of plan exclusivity will not foster "good faith progress toward reorganization" nor "progress in negotiations with its creditors". (*Dow Corning Corp., supra,* factors (c) and (f)). Rather, the Debtor's conduct may demonstrate that "the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands". (*Dow Corning Corp., supra,* factor (h)).

The Committee submits that a chapter 11 reorganization strategy that fails to adequately consider and protect unsecured creditor interests will not prevail. Further, the Committee is concerned that an unnecessarily combative stance by the Debtor may substantially increase delay and attendant administrative costs in this case, which can have a significant adverse impact on the success of this chapter 11 reorganization.

For the foregoing reasons, the Committee requests that the Debtor provide sufficient justification under the *Dow Corning* factors, and such other relevant facts and evidence that justify the requested extension of exclusivity. If the Debtor fails to do so, the Exclusivity Motion should be denied.

Dated: November 5, 2018

LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.


By:_____
Daniel H. Reiss
Proposed Counsel for the Official
Committee of Unsecured Creditors

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was filed electronically on November 5, 2018 pursuant to the service requirements of the ECF/CM for the United States Bankruptcy Court for the District of New Mexico, which will notify all counsel of record.

s/ Daniel H. Reiss
Daniel H. Reiss