UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

MBF INSPECTION SERVICES, INC.

Case No. 18-11579-11

Debtor(s).

## CREDITORS' REPLY TO DEBTOR'S RESPONSE IN REGARD TO DECEMBER 12, 2018 MEMORANDUM OPINION

TO THE COURT AND ALL COUNSEL OF RECORD: The *Ganci* Creditors file this Statement in response to the Debtor's statement filed December 21, 2018 (ECF No. 152). To the extent Debtor's statement includes a stipulation that the law of the Sixth Circuit will govern any appeal regarding the merits of the *Ganci* Creditors' FLSA claims, that stipulation is null and void as a matter of law. *See* ECF No. 149.

"It is settled that parties cannot stipulate that the law of a forum will not control, but that other law will control." *Reeg v. Shaughnessy*, 570 F.2d 309, 314 (10th Cir. 1978) (citing *Estate of Sanford v. Commissioner of Internal Revenue*, 308 U.S. 39 (1939); *Swift and Co. v. Hocking Valley RR Co.*, 243 U.S. 281 (1917)). The Tenth Circuit has affirmed this principle on more than one occasion. *See*, *e.g.*, *Koch v. U.S., Dep't of Interior*, 47 F.3d 1015, 1018 (10th Cir. 1995) ("While this court will honor stipulations regarding factual issues, . . . it is well-settled that a court is not bound by stipulations of the parties as to questions of law" (internal quotations and citations omitted)); *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (court's analysis on appeal "is not constrained by [a party's] concession"). Stipulations of law are not binding upon courts because "[p]arties may not, by stipulation or other means, usurp [a court's] Article III powers." *United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997). "The duty of [a] court . . . is limited to determining rights of persons or of property, which are actually controverted in the particular

case before it. . . . No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard." *Swift*, 243 U.S. 281, 289 (1917).

Because Debtor cannot, as a matter of law, stipulate to the terms outlined in the Court's Memorandum Opinion (ECF No. 148), the *Ganci* Creditors respectfully request that the Court grant their Motion for Relief from Stay.

Date: December 21, 2018
s/Matthew C. Helland
NICHOLS KASTER, LLP
Matthew C. Helland, CA Bar No. 250451*
Daniel S. Brome, CA Bar No. 278915*
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 227-7235
helland@nka.com
dbrome@nka.com
*admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was filed electronically on December 21, 2018 pursuant to the service requirements of the ECF/CM for the United States Bankruptcy Court for the District of New Mexico, which will notify all counsel of record.

s/Matthew C. Helland
Matthew C. Helland