UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

MBF INSPECTION SERVICES INC.,

Debtor,   Case No. 18-11579

**<u>MOTION SEEKING ESTIMATION OF CLAIMS AND OBJECTING TO CLAIMS FILED BY MATTHEW HELLAND ON BEHALF OF THOMAS GANCI AND ALL PLAINTIFF'S IN THEUNITED STATES DISTRICT COURT CASE FOR THE SOUTHERN DISTRICT OF OHIO, CAUSE NO. 2:15-CV-02959, WHICH IS CLAIM NUMBER 9.</u>**

**COMES NOW**, MBF Debtor-in-Possession in the above-captioned proceeding and objects to the claims listed on Exhibit B hereto and seeks an Order requiring verification from these claimants of such claims and as reason therefore states:

1.  On June 22, 2018, the Debtor in Possession filed a Chapter 11 petition.

2.  The Debtor-in-Possession has filed the Plan of Reorganization which contemplates 100% payment of its claims and/or distribution to unsecured creditors after payment of priority claims.

3.  Pursuant to Section 1111 (a)(m) of the Bankruptcy Code and Bankruptcy Rule 3003(C)(2), a creditor need not file a proof of claim that the Debtor listed as uncontested, etc. Such claims which are not scheduled as disputed, contingent, or unliquidated are generally allowed. In order to assure that creditors who are not entitled to payment do not receive payment under the Plan Section 1111(a)(m) of the Bankruptcy Code provides they may file a proof of claim or interest under Section 501 of the Code. The Debtor reserves the right to object to any claim or seek reconsideration of the allowance of any claim, if such claim has been filed, or is deemed filed pursuant to Section 1111(a) of the Code, the <u>Debtor may file objections to a claim which is deemed filed pursuant to Section 1111(a) of the Code in order to verify the accuracy</u> of

1

the amount scheduled and if this occurs any such objection will require the claim holder submit proof satisfactory to the court as to the amount of its claim.

4. The creditor listed on Exhibit A hereto allege he has claims which were scheduled as disputed, contingent and unliquidated, and did file a proof of claim.

5. The creditors, by filing their claim herein shown on Exhibit A submitted to the jurisdiction of this Court.

6. Even if the Debtor has liability to this claimant shown on Exhibit A, which liability the Debtor denies, at least in relevant part, the amount claimed by the claimants on Exhibit A are excessive and incorrect.

7. These claims are unliquidated under 11 USC Section 502(C)(1).

8. The fixing or liquidation of these claims would unduly delay the administration of this Chapter 11 estate.

9. There is need for the Bankruptcy Court to estimate these claims in order to facilitate administration of this Chapter 11 case including, without limitation, in order to allow the debtor to establish the feasibility of its reorganization plan, hold a confirmation hearing, handle voting, allowance and distribution under the plan.

10. The Debtor requests the estimation hearing be set sufficiently before confirmation for lawful ruling to be entered prior to confirmation.

11. All claims originally in the Ganci Federal Court case, 2:15-cv-02959, shall be defended under the conditions set by Judge Thuma and accepted by the Debtor. There are incorporated herein and fully set forth the Debtor's answer and the briefs, responses and replies to both Summary Judgment Motions as required by the accepted conditions as a defense therein.

12. 11 USC Section 502(C) provides for the estimation of any claim that is contingent or unliquidated where the fixing or liquidation of the claim would unduly delay the closing of the case or to any right to an equitable remedy for breach of performance if such breach gives rise to the right for payment. This motion is based on Subsection 1 of 502 ( c ) of the Bankruptcy Code.

13. Pursuant to the order of this Court Dkt. No. 156 and on Dkt. 1319 and the supporting opinion, Dkt. No. 152, entered on December 18th, 2018, the stay was not lifted as to the claimants in Exhibit A had filed class claims, which are disputed.

14. To the extent that a claim is allowed in a claims estimating procedure, it is estimated for purposes of allowance under section 11 USC 502(C) (1), as well as voting and objections. The estate of this debtor is estimated to be fully administered on or about the end of June 2019 and the administration of this case would be unduly delayed unless the amount for said claims are estimated for the purposes of allowance under 11 USC Section 502(C) for the following reasons:

   a. The holder of such claim has appealed to the District Court the order not to lift the stay. The stay lift proceeding could go on through that District court and other appellate courts for some years. There is a multilevel appeal process.

   b. There are defenses and counterclaims to the claimant's cause of action which require discovery and which require substantial testimony and presentation of evidence and a trial of the issues would prevent the closing of the estate for a long period of time. These claims have been pending for years, as many as three in some instances. In this case because the age of Debtor's management and its liquidation value as opposed to going concern value, the only practical way to deal with obtaining the maximum value is to process this case within the three (3)

years which the Debtor believes it can hold this business together under the remains of current management.

c. The Debtors have already participated in one substantial and expensive mediation in regard to this claim and mediation failed.

d. The opposing party has stated that it feels further mediation would not be useful.

15. The Debtor seeks estimation and would object to the claim of the Ganci alleged class with the objection on file the vote of that claimant on a plan will not be counted unless the court estimates its claim for purposes of voting as well similarly estimation is necessary for the court to consider the feasibility under 11 USC Section 11209(A)(1) and claims estimation motion is necessary for the purposes of expediting the confirmation process and ensuring that there is a vote on the plan and that objections to confirmation receive due consideration. All claims should be estimated at no more than the amount shown by the Debtor on Exhibit B which is attached, and also utilized as an Exhibit in the disclosure statement.

16. The Court will need to hold a hearing for the purposes of estimating the claim for voting purposes and objections to confirmation and so the claim should be fully estimated for purposes of allowance as well a motion so as not to delay distribution. Other administrative costs will rise. The confirmation of the Plan which has or will be filed will likely be objected to on behalf of which claim had not been allowed as a class claim on all counts. See claims Dkt. No. 8 & 9 been filed. The claimant has not filed the necessary notice to have the Federal claim treated as a class claim and the class filing on the Federal claim is not appropriate.

**WHEREFORE** the Debtor respectfully requests that this claim should be estimated for the purposes of voting and allowance in the amounts as shown on Exhibit B, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,


B.L.F., LLC P.C.
*/s/ Jennie Deden Behles*
Jennie Deden Behles
P.O. Box 7070
Albuquerque, NM 87194-7070
(505) 242-7004, (505) 242-7066
jennie@jdbehles.com


**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was made on March 25th, 2019 via the notice transmission facilities of the Bankruptcy Court's CM/ECF system on the following parties:


By:*/s/ filed electronically*
Jennie Deden Behles

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW MEXICO | PROOF OF CLAIM |
|---|---|

Name of Debtor: MBF Inspection Services Inc.   Case Number: 18-11579-11

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Ganci FLSA creditor class** (See attachments)

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Matthew C. Helland, CA Bar No. 250451 — Counsel for the *Ganci* creditors, including the FLSA creditor class
Nichols Kaster, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone number: 415-277-7235

**Court Claim Number:**
(*If known*)

Filed on:

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $2,869,429.15

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Unpaid overtime wages pursuant to the FLSA, statutory liquidated damages, attorneys' fees and costs.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** N/A

**3a. Debtor may have scheduled account as:**
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $   Annual Interest Rate: %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $   Basis for perfection:

Amount of Secured Claim: $   Amount Unsecured: $

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority: $**

$10,326.04

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

Date: 1/31/19

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*/s/ Matthew Helland/*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Labor Claim
Case 18-11579-t11   Claim 9-1   Filed 01/31/19   Desc Main Document   Page 1 of 1
Case 18-11579-t11   Doc 202   Filed 03/25/19   Entered 03/25/19 19:53:58   Page 6 of 7

MBF Inspection Services, Inc.
Claims Estimate Summary - 10 Hour Day, No FLSA Damages, No Attorney Fees
As of 3/8/2019

Debtor's Claim Estimate through the 03/08/2019 Pay Date

| Claim # | Claimant Name | Claimant's Claim Amount | Prepetition Amount | Prepetition Damages Amount | Prepetition Priority Amount | Prepetition Priority Damages Amount | Post-Petition Amount | Post-Petition Damages Amount | Total Amount | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Public Service of New Mexico / Xcel Energy | 733.77 | 733.77 | - | - | - | - | - | 733.77 | |
| 2 | New Mexico Taxation & Revenue Dept. | 242.79 | - | - | 242.79 | - | - | - | 242.79 | |
| 3 | Capital One Bank (USA), NA | 1,707.37 | - | - | - | - | - | - | - | See Claim #3 comment below. |
| 4 | American Express National Bank | 7,136.03 | - | - | - | - | - | - | - | See Claim #4 comment below. |
| 5 | James Silvia | - | - | - | - | - | - | - | - | See Claim #5 comment below. |
| 6 | Terry J Weathermon | - | - | - | - | - | - | - | - | See Claim #6 comment below. |
| 7 | William Sperber | - | - | - | - | - | - | - | - | See Claim #7 comment below. |
| 8 | Ohio Rule 23 Class Members (74 listed) | 748,513.12 | 545,146.62 | - | 25,509.83 | - | 136,868.63 | - | 707,525.08 | See Claim #8 comment below. |
| 9 | FLSA Class Members (53 listed) | 2,869,429.18 | 231,182.20 | - | 20,251.33 | - | 33,762.00 | - | 285,195.53 | See Claim #9 comment below. |
| | Total estimated claims to 03/08/2019 | 3,627,762.26 | 777,062.59 | - | 46,003.95 | - | 170,630.63 | - | 993,697.17 | |

Comment to Claim #3: $0.00 Balance
Comment to Claim #4: $0.00 Balance
Comment to Claim #5: Mr. Silvia is part of the FLSA class claim & has indemnified MBF from future claims in the settlement agreement with Chevron back in 2018
Comment to Claim #6: Mr. Weathermon last worked for MBF in August 2014. More than 3 years has past since he worked for MBF.
Comment to Claim #7: Mr. Sperber is part of the FLSA class claim.
Comment to Claim #8: Claim filed incorrectly. Individual claims and supporting documents were not filed with the claim.
Comment to Claim #9: Claim filed incorrectly. Individual claims and supporting documents were not filed with the claim.