# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE:

MBF INSPECTION SERVICES, INC.,　　　　　　　　　　No. 18-11579-11
　　　Debtor.

### INSPECTION LEASING, INC.'S OBJECTION TO THE UNSECURED CREDITOR'S COMMITTEE MOTION TO EMPLOY COHNREZNICK, LLP AS FINANCIAL ADVISORS AND COHNREZNICK CAPITAL MARKET SECURITIES, LLC AS INVESTMENT BANKER

COMES NOW, Inspection Leasing, Inc. (herein "Leasing") by its counsel as undersigned and does object to the Unsecured Creditors Committee's (herein "UCC") Motion to Employ CohnReznick, LLP as Financial Advisors and CohnReznick Capital Market Securities, LLC as Investment Banker to the Official Committee of Unsecured Creditors (herein "Motion") [Dkt. 186] and moves the Court to deny the Motion as completely unnecessary to assist the UCC in performing its function or in the alternative to require the UCC to employ financial advisors in this District at a rate of compensation by far less than the $800 and $795 per hour charges proposed for the advisors requested by the UCC.

1.　　The UCC consists entirely of members and their attorneys of the Ganci class action employee wage claimants. All of these claims are unliquidated, contingent and disputed by Debtor.

2.　　There are virtually no trade creditors on the Committee as MBF pays its obligations.

3.　　The UCC and its members did not hire financial advisors or an investment banker prior to the formation of the Committee but now seek to employ such entities at the expense of the Estate.

4. The UCC seeks to employ the financial advisor at a rate of $800 per hour and $795 per hour for an investment banker. The two (2) "primary professionals" are located in Roseland, New Jersey and Baltimore, Maryland.

5. The fact that they both are based so distantly will incur unnecessary travel and non-working travel time (to be billed at ½ rate) billing which are wholly unnecessary and totally at odds with the bankruptcy principal of economy of administration.

6. Pursuant to 11 USC § 330(3) in determining "reasonable compensation" the Court is to consider:

    A. "The rates charged for such services"

    B. "Whether the services were necessary to the administration of or beneficial"

    C. "Whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners in cases other than cases under this title."

7. The fees to be charged by the proposed financial advisor ($800/hour) and investment banker ($795/hour) are by far higher than that charged by similar financial advisors in the District of New Mexico. For example, REDW accounting firm, with experience in similar work, highest rate is $350 per hour or an average blended rate (for accountants, CPAs and staff) of $250 per hour.

8. Counsel for the UCC is already charging $580 per hour, Los Angeles rates which is by far higher than rates charged by other counsel in this District. For example, Paul Fish, Esq., of the Modrall Law Firm charged $395 per hour in the recent Las Uvas Valley Dairies case in New Mexico.

9. The Debtor has filed a Plan and Disclosure Statement.

10. The Debtor has already filed accurate financial reports in this case including verified Statements and Schedules, all monthly verified operating reports, tax returns, accounting of the DIP account, three budgets and projections for cash collateral use, the extensive and detailed financial exhibits attached to the Disclosure Statement (claims estimation, Liquidation Basis, Assets, Statement of Income, Stockholders Equity, Cash Flows, Monthly Revenues and Costs, Income Statement and the Balance Sheet) and all other financial reports required by the U.S. Trustee.

11. There is no question these reports are accurate, prepared by MBF's inhouse CPA and prepared in accordance with accepted accounting principles. No further financial information is required by the UCC, as all the financial information is already available.

12. The Debtor's Plan proposes to pay all unsecured creditors including the UCC members one-hundred percent (100%) of their allowed claims plus interest.

13. Financial advisors and investment bankers are not necessary to maximize the creditors recovery and certainly an investment banker is not needed to sell or restructure the company.

14. The Debtor is a very unique type of business and requires the services of highly trained and experienced personnel including management. It would be very difficult to sell as a going concern as discussed in the Debtor's Plan, there would be higher expenses associated with any sale and great uncertainty in a sales price. Other than Leasing, no other bank has offered to provide a line of credit, which this business requires.

15. The services of an investment banker are unnecessary in light of a 100% Plan.

16. It is highly unlikely Leasing will continue to provide a line of credit to any other owner or operator.

3

Case 18-11579-t11    Doc 218    Filed 04/02/19    Entered 04/02/19 16:54:15 Page 3 of 5

17. The UCC members seem oblivious to the fact that higher expenses for the Estate could delay payment and jeopardizes the 100% Plan. The members themselves do not want to pay for investment advisors but have no problem for the Estate to do so even though the funds come from the same source and deplete available funds.

18. The Notice of the Motion [Dkt. 189] filed March 12, 219 provides that objections be filed "within 21 days of the date of service of this notice" but the Notice is improper, as it fails to extend the objection period by 3 days for mailing as required by Rule 9006(f) FRBP and as provided by local Rules, custom and practice.

19. Daniel Reiss, Esq., the UCC attorney, is himself an experienced accountant and CPA having practiced with KMPG from 1983-1987, A B.S. degree in Business Administration in 1984 (*see* Resume [Dkt. 86], page 13). Any financial analysis, if any, needed by the Committee can reasonably be provided by its counsel.

20. The Cash Collateral budgets and orders make no provision for the Debtor to make any payments to CohnReznick financial advisors or CohnReznick investment bankers. Such payments could be substantial. Leasing is not obligated to provide funds to pay the financial advisor or investment banker.

21. No Committee Chapter 11 Plan is necessary as unsecured creditors including the Committee members themselves, are to be paid 100% plus Court approved interest on all allowed claims so the creditors shall receive full compensation.

WHEREFORE, Inspection Leasing, Inc. respectfully requests the Court to enter an order as follows:

4

Case 18-11579-t11    Doc 218    Filed 04/02/19    Entered 04/02/19 16:54:15 Page 4 of 5

A. Denying the UCC's Motion to Employ CohnReznick, LLP as Financial Advisors and CohnReznick Capital market Securities, LLC as Investment Banker to the Official Committee of Unsecured Creditors;

B. In the alternative if the Court finds that a financial advisor is appropriate to require the Committee to employ advisors in this judicial district at rates charged in this district;

C. To disallow the UCC's Notice and to require the Committee to re-serve a corrected notice providing 21 days plus 3 days for mailing to file objections; and

D. For other appropriate relief.

> Respectfully submitted,
>
> **ROBERT D. GORMAN, P.A.**
> /s/ *Louis Puccini, Jr.*
> Louis Puccini, Jr.
> P.O. Box 25164
> Albuquerque, NM 87125-0164
> T. (505) 243-5442
> louis@rdgormanlaw.com
> *Attorneys for Inspection Leasing, Inc.*

## CERTIFICATE OF SERVICE

In accordance with FRBP 9036, NM LBR 9036-1(b) LBR 6006-1 and FRCP 5(b)(3), I hereby certify that service of this document was made on April 2, 2019, via the notice transmission facilities of the case management and electronic filing system of the United States Bankruptcy Court for the District of New Mexico on all parties or counsel requesting notice to be served by electronic means.

**ROBERT D. GORMAN, P.A.**
/s/ *Louis Puccini, Jr.*
Louis Puccini, Jr.