## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW MEXICO

In re:

MBF INSPECTION SERVICES, INC.

Case No. 18-11579-11

Debtor(s).

### OPPOSITION OF *GANCI* CREDITORS TO DEBTOR'S DISCLOSURE STATEMENT

The *Ganci* creditors submit the following narrow objections to Debtor's Disclosure Statement (ECF No. 212), because the Disclosure Statement fails to provide adequate information about the *Ganci* claims. *See* 11 U.S.C. § 1125(a) (adequate information is "of a kind, and in sufficient detail . . . that would enable a hypothetical investor . . . to make an informed judgment about the plan"). Here, Debtor does not disclose a) why Debtor claims the value of the *Ganci* claims "to be zero ($0)" when Debtor has already conceded its exemption defenses as to a substantial number of the claimants at issue; b) what factors explain the range of values of the *Ganci* claims or the likelihood of different outcomes; c) whether any actual evidence supports the assertion that Debtor's violations were not willful; d) what "substantial defenses" Debtor refers to in reference to the *Ganci* litigation; or e) why the Debtor's admitted $5,000,000 line of credit with Inspection Leasing is not being deployed to accelerate payment of creditors such as the *Ganci* creditors. Because the Disclosure Statement does not explain these crucial points, the Court should not permit Debtor to seek approval of its plan based on the inadequate disclosures.

Section 1125 of the Bankruptcy Code provides that a disclosure statement must provide adequate information and must be approved after notice and a hearing before the debtor may solicit acceptance of its Plan. 11 U.S.C. § 1125(b). Debtor's Disclosure Statement does not meet this standard.

1

As explained previously, Debtor has conceded that it has no exemption defense as to many *Ganci* claimants. There is no justification, therefore, for Debtor's statements that the *Ganci* claims are worth zero dollars, or that Debtor has "substantial defenses." Nor does Debtor explain the dramatic range of values for the *Ganci* claims—from $231,182.20 to $2,117,808.12. As Creditors recently explained (*see* ECF No. 231), there are several variables this Court should resolve which will bring Debtor's exposure into focus. Rather than rely on this broad range, provided without context, the Court should proceed to liquidate the claims. There are relatively few issues, many of which have already been briefed.

Finally, the Disclosure Statement references Debtor's line of credit with Inspection Leasing, and notes that the "maximum, allowable amount of indebtedness under the terms of this agreement" is $5,000,000. This is important information, but it is hardly adequate information under Section 1125—why, if this line of credit, is Debtor not taking advantage of that credit in its Plan, but instead making Creditors bear the risk of delayed payment?

For the foregoing reasons, Creditors respectfully request that the Court sustain the Objections to Debtor's Disclosure Statement, and require additional disclosures before Plan confirmation.

Date:   April 30, 2019

s/Matthew C. Helland
NICHOLS KASTER, LLP
Matthew C. Helland, CA Bar No. 250451*
Daniel S. Brome, CA Bar No. 278915*
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
helland@nka.com
dbrome@nka.com
*admitted pro hac vice*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was filed electronically on April 30, 2019 pursuant to the service requirements of the ECF/CM for the United States Bankruptcy Court for the District of New Mexico, which will notify all counsel of record.

s/Matthew C. Helland
Matthew C. Helland