UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

MBF INSPECTION SERVICE, INC.,
A New Mexico Corporation,

       Debtor.                                    Case No. 11-18-11579-t11

**DEBTOR'S OBJECTION TO FINAL FEE
APPLICATION OF B.L.F. LLC FOR COMPENSATION**

     COMES NOW MBF Inspection Services, Inc, (the "Debtor"), by and through the undersigned counsel, and for its objection to the Final Fee Application o B.L.F. LLC for Compensation (the "Application"), filed on July 16, 2019 (Docket No. 260), STATES:

     1.     On June 22, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

     2.     On the same date, B.L.F. LLC (the "Applicant") filed a Motion to Apply Counsel (Docket No. 3).

     3.     Attached to the Motion to Employ was an engagement letter signed by the Debtor and dated May 30, 2018, and signed by Frank Sturges on behalf of the Debtor.

     4.     Exhibit A to the engagement letter is a fee schedule listing Jennie Behles' hourly rate as $375.00 per hour. This exhibit is initialed by Frank Sturges on behalf of the Debtor.

     5.     Despite the hourly rate being listed as $375.00 per hour, Applicant's Motion to Employ lists Ms. Behles' hourly rate at $400.00 per hour.

     6.     This hourly rate was never approved or agreed to by the Debtor.

     7.     The Application also seeks approval of Ms. Behles' fees at $400.00 per hour.

1

8. On July 17, 2019, a day after filing the Application, Applicant filed a Second Amended Disclosure of Compensation (Docket No. 262) that had an engagement letter attached to it.

9. The Exhibit A fee schedule attached to this document shows an hourly rate for Ms. Behles at $400.00 per hour, and purports to be initialed by Frank Sturges on behalf of the Debtor.

10. Mr. Sturges never initialed this document.

11. The initials for Ms. Behles and Mr. Sturges on both fee schedules are exactly identical, with no variation whatsoever.

Docket No. 2:



Docket No. 262:



12. The obvious implication is that Applicant changed the rate on the second fee schedule, and used the initials from the initial document to make it look like it was approved by the Debtor.

13. Given the fact that the Debtor never approved a rate of $400.00 per hour and Ms. Behles has apparently forged Mr. Sturges' initials on the second schedule, the Debtor strongly objects to approval of Ms. Behles' hourly rate at $400.00 per hour.

14. The Debtor also has concerns about the application of more than 75% of funds paid to applicant, and requests a trust accounting to demonstrate that only 75% of the amounts paid were applied to fees as required by the Order approving Applicant's employment.

15. Debtor further has serious concerns about the validity of charges on Invoice #11 attached to the Application. This invoice is dated June 20, 2019. The first time that Debtor saw this invoice was when reviewing the Application.

16. The invoice purports to contain charges from May 25, 2018, through April 9, 2019, which is extremely odd, in a total amount of $36,845.75.

17. Applicant was billing for time on a monthly basis during that period, so it is very concerning that over $36,000 of new charges for that period suddenly appear on this invoice.

18. Under a skeptical view of such a billing practice, it appears to be an attempt to defraud the Debtor for additional funds.

19. The United States Trustee has also filed an objection to the Application (Docket No. 265. Debtor joins in the U.S. Trustee's objection, and incorporates the same as if fully set forth herein.

WHEREFORE Debtor requests that the Court enter an Order:

A. Denying the hourly rate of $400.00 requested in application;

B. Denying approval of all fees contained in Invoice #11;

C. Reducing or denying approved compensation as set forth in the United States Trustee's objection;

D. If the Court finds that Ms. Behles forged or "Recycled" Mr. Sturges' signature, sanctioning Applicant as Court deems appropriate, including requiring Applicant to pay Debtor's attorney's fees and costs incurred in opposing approval of the Application; and

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Giddens & Gatton Law, P.C.

/s/Chris M. Gatton,
Submitted electronically 8.6.19
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: (505) 271-1053
Facsimile: (505) 271-4848
Email: chris@giddenslaw.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I certify that on the **6th day of August, 2019,** I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing.

/s/Chris M. Gatton,
Submitted electronically, 8.6.19