UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MBF INSPECTION SERVICES, INC.,                                  Case No. 18-11579-t11

    Debtor.

## OPINION

The Court entered an order confirming Debtor's plan of reorganization on December 18, 2019. At the confirmation hearing two days earlier, Debtor asked the Court to enter a final decree closing the case so it could stop paying U.S. Trustee fees. The U.S. Trustee's office objected, arguing that pending fee applications prevent closure. Having reviewed the applicable statutory and case law and considered the facts of this case, the Court determines that entry of a final decree is appropriate.

I.      FACTS.

The Court finds:[1]

Debtor filed this chapter 11 case on June 22, 2018. The same day Debtor applied to retain B.L.F., LLC as its bankruptcy counsel. The employment was approved by an order entered September 13, 2018.

Debtor was forced to retain new counsel in March 2019 because B.L.F.'s sole attorney, Jennie D. Behles, was disbarred. B.L.F. apparently assigned its account receivable to Ms. Behles. On July 16, 2019, Ms. Behles filed a final fee application for $279,318.52 for work done on the

---

[1]The Court took judicial notice of the docket in this case. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

case. Debtor and the U.S. Trustee's office both objected to the fee application. A final hearing on the application and objections thereto is scheduled for January 14, 2020.

The main issue in this case was how to deal with the liability associated with a class action lawsuit against Debtor for underpaid wages. On the petition date, the lawsuit was pending in federal court in the Southern District of Ohio, styled *Ganci v. MBF Inspection Services, Inc.*, Cause no 2:15-cv-02959-GCS-CMV. Class members are certain of Debtor's current or former pipeline weld inspectors.

On May 16, 2019, the Court entered an order appointing a mediator to mediate the dispute between Debtor and the class action claimants. The mediation took place on May 30, 2019. The parties settled their dispute, subject to bankruptcy court and district court approval.

Based on the settlement, Debtor filed an amended plan of reorganization on August 16, 2019. The amended plan contains the following provisions germane to the issue before the Court:

- The plan's effective date is the "first day of the first month following the date upon which an Order confirming this Plan become final." Article 1, Section 1.1.13;
- Administrative expenses will be paid by the reorganized debtor within 30 days of the effective date. Article 6, section 6.1;
- Payments to the class claimants start on or before the effective date. Article 7, section 6.5.1;
- The reorganized debtor assumes management after confirmation. Article 7, section 7.4;
- All property of the estate vests in the reorganized debtor on the effective date. Article 11, section 2.2; and

- There are no deposits required by the plan.

The Court's confirmation order is a final order, although the appeal period will not run until January 2, 2020. No appeal is anticipated because confirmation of the plan was not contested.[2]

In addition to Ms. Behles' fee application, the Court must rule on final fee applications of counsel for Debtor and the Unsecured Creditors' Committee ("UCC"). The fee applications have not yet been filed. At a December 23, 2019, hearing on Debtor's request for a final decree, the reorganized debtor's management represented to the Court and the parties that they did not anticipate objecting to either final fee application. Counsel for Debtor and the UCC confirmed that the proposed fee application amounts had been discussed and approved.

At the same hearing, the U.S. Trustee's office informed the Court that if Debtor settled its fee dispute with Ms. Behles, the U.S. Trustee's office objection would be resolved as well. Later that day, after the hearing, the Court was notified by counsel that Debtor and Ms. Behles settled the fee dispute. Thus, subject to entry of an order, it appears the Behles fee dispute has been resolved.

From the petition date through October 31, 2019, Debtor has disbursed about $66,619,000, or about $4,200,000 per month. If the Court enters a final decree now, Debtor proposes to pay the class action claimants $2,225,000 before the end of the year. The U.S. Trustee fee on this amount would be $22,250. Currently, Debtor is being charged U.S. Trustee fees at the rate of 1% of disbursements, or about $42,000 a month.

II.  DISCUSSION.

A.  Payment of U.S. Trustee Fees.

---

[2] A Debtor affiliate, Inspection Leasing, Inc., filed a limited objection to the plan. The objection was resolved by the confirmation order. No other objections were filed.

Chapter 11 debtors are required to pay quarterly fees to the U.S. Trustee's office. 28 U.S.C. § 1930(a)(6)(A). The quarterly U.S. Trustee fee on quarterly disbursements of $12,500,000 is $10,400, *id.*, unless the "system fund" dips below $200,000,000, in which case the quarterly fee increases to the lesser of 1% of disbursements or $250,000. 28 U.S.C. § 1930(a)(6)(B).[3] For Debtor, the current fee (at 1%) is more than 12 times higher than the regular quarterly fee of $10,400.

Although the statute does not make this clear, U.S. Trustee fees are not charged after a chapter 11 case is closed. *See In re CF& I Fabricators of Utah, Inc.*, 150 F.3d 1233, 1237 (10th Cir. 1998) ("Congress intended debtors pay UST fees until a case is converted, dismissed, *or closed* leaving no open docket in which to assess the fees.") (emphasis in original).

B.  <u>Entry of a Final Decree in Chapter 11 Cases</u>.

11 U.S.C. § 350 provides:

  (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
  (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Fed. R. Bankr. Pro. ("BR") 3022 provides:

After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

"A final decree is essentially an administrative task, a docket entry reflecting the conclusion of a case for record-keeping purposes." *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007), citing *In re Fibermark, Inc.,* 369 B.R. 761, 767 (Bankr. D. Vt. 2007).

C.  <u>The "Fully Administered" Requirement</u>.

---

[3] This higher alternative fee was added to the statute in October 2017. *See In re Buffets, LLC,* 597 B.R. 588 (Bankr. W.D. Tex. 2019) and *In re Life Partners*, 606 B.R. 277, 281 (Bankr. N.D. Tex. 2019), for a discussion of the 2017 amendment.

1. <u>The Court's Discretion</u>. The bankruptcy court should review each case on its facts and determine whether the estate has been fully administered:

> [D]etermining when a case is 'fully administered' is a decision for the bankruptcy court based on consideration of numerous case-specific, procedural, and practical factors. The bankruptcy court is uniquely positioned to make this determination given that it will have overseen the particular debtor's case from the beginning and will have first hand knowledge of what matters have been, or need to be, completed before closure of the case. Further, the bankruptcy court will be very familiar with the debtor's confirmed plan of reorganization, the requirements for consummation of that plan, as well as the status of any pending motions, contested matters, and adversary proceedings.

*In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (10th Cir. BAP 2007). The determination is within the bankruptcy court's discretion. *Id.* at 918; *see also In re Shotkoski*, 420 B.R. 479, 483 (8th Cir. BAP 2009) (bankruptcy court decision on entry of a final decree is reviewed for abuse of discretion); *In re Spokane Raceway Park Inc.*, 2013 WL 3972429, at *3 (9th Cir. BAP) (abuse of discretion standard applied to bankruptcy court's decision to enter a final decree and close a Chapter 11 case); *In re Hoti Enters., L.P.*, 2016 WL 8674684, at *1 (S.D.N.Y.) (same).

2. <u>Factors to Consider</u>. "The definition of 'fully administered' is not provided anywhere in the Code or Rules. The few courts that have considered the issue have looked to the 1991 Advisory Committee Note for guidance." *Union Home*, 375 B.R. at 916. The note lists six factors to evaluate when determining whether a case has been fully administered:

> 1. whether the order confirming the plan has become final,
> 2. whether deposits required by the plan have been distributed,
> 3. whether the property proposed by the plan to be transferred has been transferred,
> 4. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan,
> 5. whether payments under the plan have commenced, and
> 6. whether all motions, contested matters, and adversary proceedings have been finally resolved.

BR 3022, Advisory Committee Note (1991); *Union Home*, 375 B.R. at 916 (quoting the note in its entirety).

The factors are not exclusive or exhaustive. *Union Home*, 375 B.R. at 917; *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Valence Tech., Inc.*, 2014 WL 5320632, at *3 (Bankr. W.D. Tex. 2014); *In re Provident Fin., Inc.,* 2010 WL 6259973, at *9 (9th Cir. BAP), aff'd 2012 WL 172887 (9th Cir.).

3. <u>Weighing the Factors</u>. The Court weighs the Advisory Committee Note factors as follows:

| | |
|---|---|
| 1. Whether the order confirming the plan has become final. | The confirmation order was entered December 18, 2019. It was a final order upon entry. It will become final and nonappealable on January 2, 2020. This factor weighs in favor of entering a final decree. |
| 2. Whether deposits required by the plan have been distributed. | N/A. This factor is neutral. |
| 3. Whether the property proposed by the plan to be transferred has been transferred. | The plan vests all estate property in the reorganized debtor on the effective date. This factor weighs in favor of entering a final decree. |
| 4. Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan. | Debtor's management is now managing the reorganized debtor, which has assumed control of all former estate assets. This factor weighs in favor of entering a final decree. |
| 5. Whether payments under the plan have commenced. | If a final decree is entered before year-end, the reorganized debtor intends to pay the class action claimants 100% of their claim, or $2,225,000. This factor weighs in favor of entering a final decree. |
| 6. Whether all motions, contested matters, and adversary proceedings have been finally resolved. | Even though the Behles fee dispute likely has been settled, it still technically is pending. Further, final fee applications from counsel for Debtor and the UCC have yet to be filed, although they most likely will be uncontested. |

| | This factor weighs against entering a final decree. |
|---|---|

In addition, it is significant here that the current U.S. Trustee fees are the much higher "alternative" rate set forth in 28 U.S.C. § 1930(a)(6)(B). Whether or not the higher fees are constitutionally permissible, *see, e.g. In re Life Partners Holdings, Inc.*, 606 B.R. 277, 286-89 (Bankr. N.D. Tex. 2019), they are a significant burden on a post-confirmation debtor. At $3,200 a month, a more leisurely case wrap-up likely would be acceptable. At $42,000 a month plus an additional $22,250 because of the proposed distribution to the class action claimants, there is urgency to close the case.

Considering all the factors, the Court concludes that the estate has been fully administered. On January 2, 2020, when the plan becomes effective, the bankruptcy estate will have no assets—they will have been "fully administered" by transfer to the reorganized debtor. The only factor weighing against a finding of "full administration" are the fee applications. The weight of this factor should be substantially discounted for a number of reasons. First, any allowed fees will be paid by the reorganized debtor, not the bankruptcy estate, which no longer has any assets or liabilities. Thus, final fee orders are not needed to complete estate administration. Second, it is unfair to make the reorganized debtor pay $42,000 a month for the privilege of determining what it owes its former counsel. Third, the dispute over Ms. Behles' fee application has been settled. Fourth, the final fee applications of counsel for Debtor and the UCC most likely will be uncontested. Finally, the U.S. Trustee's office objected to Ms. Behles' fees. It would not be fair to delay case closure, thereby forcing Debtor to stay on the U.S. Trustee fee "clock," if the delay is partly caused by the U.S. Trustee's office.

-7-
Case 18-11579-t11    Doc 325    Filed 12/24/19    Entered 12/24/19 11:24:46 Page 7 of 10

Given the particular facts of this case, the Court concludes that Debtor has carried its burden of showing that the estate has been fully administered.

D.   Post-Closing Jurisdiction.

Entry of a final decree would not affect the Court's jurisdiction over the fee applications. Fee applications are within the "core" jurisdiction of the bankruptcy courts *See In re Eckert,* 414 B.R. 404, 406-07 (Bankr. N.D. Ill. 2009); *In re Frazin,* 732 F.3d 313, 321 (5th Cir. 2013) (malpractice claim was a core proceeding because fee application with which it was inextricably linked was core); *see generally* 28 U.S.C. § 157(b)(2)(A) (matters concerning estate administration are core).

It is common to reopen cases pursuant to 11 U.S.C. § 350(b) when matters arise after case closing. *See, e.g., In re Fibermark*, *Inc.*, 369 B.R. 761, 769-70 (Bankr. D. Vt. 2007) (exercising discretion to reopen a closed chapter 11 case to adjudicate a dispute relating to an agreement approved by the court); *Union Home*, 375 B.R. at 917 (stating in dicta that a case would have to be reopened to hear a fee application); *In re Stahl, Asano, Shigetomi Assoc.*, 36 B.R. 179, 182 (Bankr. D. Haw. 1983) (case reopened to consider fee application that had not been properly noticed to debtors); *see generally* 3 Collier on Bankruptcy ¶ 350.03 (16th ed.) (good general discussion of reopening cases).

However, reopening is not required to establish a bankruptcy court's subject matter jurisdiction over "core proceedings." *See In re Menk*, 241 B.R. 896, 913 (9th Cir. BAP 1999) ("[r]eopening, in and of itself, has little impact upon the estate and upon jurisdiction . . ."); *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (jurisdiction over core proceedings survives dismissal or case closing); *Honigman, Miller, Schwartz and Cohn, LLP v. Adell (In re John Richards Homes Bldg. Co.)*, 405 B.R. 192, 210 (E.D. Mich. 2009) ("there is much support for the

proposition that bankruptcy courts retain jurisdiction over core proceedings beyond the dismissal or closure of the underlying bankruptcy case").[4]

A bankruptcy court may try adversary proceedings after entry of a final decree. *See, e.g*, *Menk*, 241 B.R. at 917 (case did not have to be open for the court to adjudicate a nondischargeability proceeding); *In re JMP–Newcor Int'l*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (final decree entered despite a pending adversary proceeding brought by the debtor). Similarly, a case need not be open for a bankruptcy court to hear a debtor's § 522(f) lien avoidance motion. *In re Keller*, 24 B.R. 720, 724 (Bankr. N.D. Ohio 1982); *In re Schneider*, 18 B.R. 274, 276 (Bankr. D.N.D. 1982).

In short, closing and opening cases is relevant to estate administration but not to the Court's subject matter jurisdiction. Here, the Court does not need an open case to retain its core jurisdiction over the fee applications.

### III. CONCLUSION.

In view of the uncontested confirmation of Debtor's plan, the transfer of estate assets and management to the reorganized debtor, the settled or likely uncontested fee applications, and the other factors discussed above, the Court concludes that this estate has been fully administered. The motion for entry of a final decree will be granted by separate order.

---

[4] In *Menk*, the Ninth Circuit Bankruptcy Appellate Panel stated:
> [T]he purpose of an open 'case' is to provide for bankruptcy administration by administrators, not by courts.
> If there is no bankruptcy administration that is associated with a particular civil proceeding being considered by the court, then there is no reason in principle for the "case" to be open.

241 B.R. at 910.

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: December 24, 2019
Copies to: counsel of record